## ROBINSON, ADMINISTRATOR v. FOSTER.

1. SERVICE OF NOTICE: COMPUTATION OF TIME. In the computation of time under the first clause of ¿ 2815 of the Revision of 1860, both the day upon which the service is made, and the first day of the appearance term of the court, are excluded.

2. SAME. Where an original notice was served upon Friday, the 26th day of October, and the first day of the appearance term was Monday, the 5th day of November, following; it was held, that the suit was not brought in such time as to leave ten days between the day of service, and the first day of the next term; and that a judgment against defendant, by default, on such service, was erroneous.

3. SAME: SUNDAY. When the time intervening between the day of service, and the first day of the next term, expires on Sunday, that day will not be excluded in the computation of time.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 16.

JUDGMENT by default. The notice was served October 26th, 1860, returnable to the next term, which was by law fixed for the 1st Monday, the 5th of November. Defendant appeals.

*Clark & Bro.* for the appellant.

I. The defendant in this case, was served personally, and

within the county, and was entitled 'to ten days *between* the day of service and the first day of the next term. Without such service he was not compelled to appear at the next term. Rev. 1860, § 2815, Sub-div. 1. By § 1720 of the Code 1851, the notice was required to be served ten days before the next term of the court, and the rule for the computation of this time, prescribed by law, was the exclusion of the day of service, and the inclusion of the first day of the term; but that rule has no application to § 2815, Rev. 1860, for the period is there definitely defined. *Columbia Turnpike Road* v. *Haywood*, 10 Wend. 422; *Small* v. *Edrick*, 5 Ib. 137.

II. No time or day was named in the notice, at which the defendant was required to appear. In this respect the notice was fatally defective. Rev. 1860, §§ 2811 and 2812.

*W. Penn. Clarke* for the appellee.

I. The notice was served in time, and the court had jurisdiction. The statutes on the computation of time must be construed together, so as to harmonize and give effect to the whole. Applying this rule in construing §§ 2815 and 4121 of the Revision of 1860, there is no doubt, but there were "ten days between the day of service and the first day of court," within the meaning of the statutes; for the term "clear days" is not used in § 2815, and in computing the ten days mentioned therein, the day of service must be excluded, and the last day, (that is, the first day of court,) included; else § 4121 is inoperative and of no effect. *Varien* v. *Edmundson*, 5 Gilm. 270; *Ewing* v. *Bailey*, 4 Scam. 420; *Easton* v. *Chamberlain*, 4 Pr. R. 412; *Dayton* v. *McIntire*, 9 Code R. 164, and other cases under the New York Code; *Hoffman* v. *Dual*, 5 John. 232; *Blair* v. *Manson*, 9 Ird. 357.

II. The defendant was notified to appear at the next term after service, a definite time fixed by law, of which the de-

fendant was bound to take notice.  *Butcher* v. *Brand*, 6 Iowa 235.

WRIGHT, J.—Counsel have in argument presented several minor questions, but the point relied upon and most discussed, involves the construction of the first clause of § 2815 of the Rev. of 1860, which is as follows:  "The defendant, if **served** otherwise than by publication, shall be held to answer at the next term after service, provided, "1: He be served within the county where suit is brought in such time as to leave at least ten days between the day of service and the first day of the next term." The service in this case was on Friday, the 26th of October, and the term commenced on Monday the 5th November. If we exclude the first day and include the last, the service was in time, otherwise not.

The section corresponding to this, in the Code of 1851, (§ 1720,) was: "If not served ten days before the then next term, the cause shall stand continued, unless a trial be had by consent of parties." Under this, by excluding the first and including the last day as directed by § 2513, a service on the Friday week before the first day of the term, this service would be in time. The section under consideration, however, has changed the phraseology of the old statute, and indeed is different from that used in the statutes of most of the States on the subject, and the question now is, what construction it shall receive? And upon its face it presents to us but little difficulty. The clear language is, that there must be ten days *between* the day of service and the first day of the term to which the notice is returnable, and that in counting that time, we are not to include the first day of the term. Time *between* two days is that which is intermediate, without computing any part of either of those days to make the same. And it would do great violence to the language used, to say that ten days are left between the service and the term, and

yet count one of those days to make the intermediate time. Not only so, but we are justified in saying that in the Revision of 1860, the language of the Code of 1851, has been uniformly followed, except when it was thought advisable to introduce a new rule. In this instance the language has been changed, and as we are bound to suppose, for a purpose.

The cases cited in the note following this section, from 9th Ind., are not in point, for the reason that they were based upon a very different statute. The language of the Indiana statute, 1843 and 1852, (for they are both, on this subject, substantially alike,) is: "Whenever the writ shall be served and the declaration filed ten days *before* the first day of the term, the suit shall stand for trial." (1843, p. 705—1852, 2d, 107.) It will be seen at once, that the phraseology is like that of our Code of 1851, and that decisions under it are not applicable to our present Revision.

Counsel, however, direct our attention to § 4121 of the Rev. (corresponding to § 2513, Code of 1851,) which provides that: "Unless the terms, clear days, are used, the mode of computing time is by excluding the first day, and including the last, and should the last day fall on Sunday, the length of time prescribed shall be extended one day, so as to include the whole of the following Monday, unless otherwise expressed." In our opinion, this section was not intended to apply to or control the construction of the one now under consideration. Section 2815, has not provided that the service shall be ten days *before* the term, nor that it must be *within* a given number of days, but that there must be at least ten days *between* the two days named. Upon what principle, therefore, are we to exclude or include those days which can by no logical process become a part of those which are between. These ten days are to be complete, and are not to be added to, nor diminished by, the day of the acts done, nor yet by the first day of the term to which the pro-

cess is retunable.   Now, the Code provides (§ 267,) that an appeal is allowed from the county court, if taken within thirty days ; from the District to this court (§ 3507,) within one year; from a justice, to the District Court (§ 3918) within twenty days after the rendition of the judgment; that the sheriff (§ 3310) shall give four weeks notice of the sale of real estate, and three weeks of that of personal property ; and in these, and many other sections that might be pointed out, we have instances to which the rule declared in § 412, may legitimately apply.   Section 2815, however, while it does not use the terms "clear days," is unambiguous, affords its own explanation, and is not to be controlled by this general rule given for the computation of time.

It is further claimed that, as the last day of the ten, intervening between the day of service (when made on Thursday) and the first day of the term, falls on Sunday, therefore the service is not in time, unless made at least on the Wednesday week before the commencement of the term.   It was held otherwise, however, and we think correctly in *Womack* v. *McAhew*, 9 Ind. 6.   It is only when the act is to be done on Sunday that that day is to be excluded, and the whole of the next day included.

The service in this case, was not in time, and there was error, therefore, in rendering the judgment by default.

Reversed.