HENRY Z. POWELL V. NEW OMAHA THOMSON-HOUSTON ELECTRIC LIGHT COMPANY.

FILED JUNE 22, 1905. No. 13,861.

Action for Personal Injuries: NEGLIGENCE. The Union Pacific Railroad Company and the New Omaha Thomson-Houston Electric Light Company both occupied the north part of Jones street between Ninth and Twelfth streets by permission of the proper authorities of the city of Omaha, one with a spur track for the receipt

and delivery of freight, the other with poles for carrying its wires. The electric light company erected its poles some time after the railroad company had laid its track, and the poles were so placed as to stand only 9¾ inches from the ladder of a box car being moved over the spur track. The plaintiff, an employee of a cold storage company, was directed by his employer to go to this spur track and lock the door of a car containing goods consigned to the storage company. On arriving at the track he found that the car, with others, was being moved toward the west end of the spur by those in charge of a switch engine of the railroad company. He ascended part.way up the ladder on the side, and stood there until the car reached one of the poles of the electric light company, where he was caught between the car and the pole, and injured. On the trial of an action brought by him against the electric light company for damages, the district court directed a verdict for the defendant. *Held,* That under the circumstances he could not recover, and the direction of the court was proper.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Baldrige & De Bord,* for plaintiff in error.

*Greene, Breckenridge & Kinsler, contra.*

DUFFIE, C.

The defendant in error, the New Omaha Thomson-Houston Electric Light Company, hereafter spoken of as the defendant, is a corporation organized for the purpose of generating and furnishing electric power and lights, and for some years has been engaged in that business in the city of Omaha. In the conduct of its business it has, by permission of the city of Omaha, erected poles in certain of the streets and alleys of the city, upon which wires are strung to convey the electric current from the place where generated to the place of use. Its poles are set along the north side of Jones street. The Union Pacific Railroad Company, by permission of the city of Omaha, occupies the north part of Jones street with a spur track, the better to accommodate the warehouses and wholesale establishments situated on the north side of the street.

The tracks of the Union Pacific Railroad Company were laid and being used on Jones street for a long time prior to the time when defendant obtained permission to erect or erected any poles in said street, and when the poles were erected they were placed so near the railroad track that the rungs of the ladder of a passing box car were only 9¾ inches from the poles. The poles had been set, however, a long time previous to the accident complained of. The above facts are stated with much detail in the petition, and it is further alleged that the defendant knew that railroad box cars usually had ladders on the outside, made of iron rungs placed on the side of the car, one above the other, to enable persons to ride thereon or to mount to the top of the car, and that, knowing these facts, and that cars were from time to time propelled along said spur track, and that the car ladders were used by persons for the purpose of riding thereon and for ascending to the top of the car, it recklessly and negligently erected its poles in close proximity to the track, as above stated. The petition contains these further allegations detailing the manner of the plaintiff's injury for which the action was brought. "The plaintiff further alleges that on said 10th day of July, 1903, while employed by the Omaha Cold Storage Company, he was directed and ordered by the foreman of said company to lock one of the box cars filled with merchandise consigned to the said storage company, and of which merchandise said company had charge of the delivery; that, in pursuance of said directions, the plaintiff went from the place of business of the said storage company to Ninth street, for the purpose of locking said car, and that, before the plaintiff arrived at said place, the train to which said car was attached began to move westward in the direction of the place of business of the said storage company; that thereupon the plaintiff, at the corner of Ninth and Jones streets, jumped upon the rungs of the iron ladder on the northwest corner of a car attached to said train, and on the north side of said corner, without seeing or knowing of the close proximity of said

poles to said car, and without any negligence on his part, and that plaintiff rode upon said car until said car approached one of said poles that was 9¾ inches away from the iron rungs of the ladder on said box car where said plaintiff was standing; that as the car passed one of said poles the plaintiff, not being able to save or protect himself from injury, was struck by said pole, and violently and with great force was knocked from the position in which he was standing on the rung of the ladder on the north side of said box car to the ground, and was crushed on his side, hip and body and limbs, and injured internally, and in such a permanent way that he will never recover from the effects thereof; that the plaintiff was not guilty of negligence in riding on the ladder of said car, and could not, with the exercise of ordinary care, have foreseen said danger, and did not know of the close proximity of said pole to said car." Judgment in the sum of $30,000 was prayed.

After the plaintiff had introduced his evidence and rested, the defendant moved for a directed verdict in its favor upon the following grounds: "First. That the petition does not state facts sufficient to constitute a cause of action. Second. That the evidence fails to establish any duty owed by the defendant to the plaintiff which was breached. Third. The evidence fails to establish any actionable negligence upon the part of the defendant which resulted in the injury to the plaintiff. Fourth. If the pole with which the plaintiff came in contact while riding on the side of a box car, and which threw him off the car on which he was riding, was negligently placed in the position that it occupied, and on the day of the injury, such negligence is not the proximate cause of the injury to the plaintiff. Fifth. The testimony shows that the injury to the plaintiff resulted from his own negligence." The court sustained the motion. A verdict for the defendant was accordingly returned by the jury, upon which judgment was entered. A motion for a new trial being overruled, plaintiff has taken error to this court.

A great share of the plaintiff's brief is devoted to show-
ing that a person charged with negligently inflicting an
injury upon another cannot defend upon the ground that
the person injured was at the time a trespasser upon the
lands or property of a third party.  This argument as-
sumes that the defendant seeks to escape liability upon
the ground that the plaintiff was a trespasser upon the car
of the railroad company at the time of his injury, and that
it was his trespass, and not the alleged negligent act of
the defendant in setting the pole, that caused the injury.
The law, we think, is well settled that one who wilfully
or negligently injures another cannot defend upon the
ground that the party injured was trespassing upon some
third party.  It will not do to say that one who carelessly
and negligently shoots and wounds another can escape
liability by showing that the injured party was trespass-
ing upon the premises or property of a third party.  But
we do not understand that the defense is based at all upon
this theory, or that the court, in instructing a verdict
against the plaintiff, accepted that view of the law.  As
we understand the position of the defendant and of the
trial court, it is that the defendant owed no duty to any
person using the street to see that he did not collide with
the pole.  The question is not whether the plaintiff was
a trespasser upon the car of the railroad company, but
whether a person who places an inanimate object in the
street by permission of the municipal authorities, so that
it is lawfully there, is liable to another person for dam-
ages sustained by him in consequence of a collision be-
tween such person and the inanimate object.  It being
conceded that the defendant had permission from the city
of Omaha to erect its poles along Jones street where the
collision occurred, it must be assumed that it erected the
poles under the direction of the city, and at the several
points in the street designated or permitted by the officers
of the municipality. Such being the case, can the plain-
tiff, or any other citizen or person using the street, main-
tain an action against the company on account of being

brought in collision with the pole?   Inanimate objects occupying a street by permission of the municipal authority have as much right there as an individual lawfully using it.   The tracks of a street railway company, shade trees, platforms of wholesale and warehouse establishments, the poles of public utility companies, each and all have the right to occupy the street under permission and control of the municipality.   Those erecting poles or planting shade trees by permission and direction of the city are guilty of no negligence in so doing, and as the pole or the tree cannot possibly injure a person using the street, except through a collision brought about through some other agency than the action of the party in planting them, the latter owed no duty to any person using the street.   When they plant the tree or set the pole in a secure manner, they have performed their whole duty, for no possible injury can result to parties using the street, except through the active agency or active force of another.   To state it briefly, the pole or tree has as much right to be in the street as the individual or vehicle, or any other thing lawfully on the street.   In the case we are considering, the injury complained of resulted from a collision, but in that collision the pole was a passive and irresponsible agent.   It was the active force of the railroad company in moving the car upon which the plaintiff had placed himself that caused the collision and the injury.   If the plaintiff was upon the car with the knowledge and assent of those in charge of the same, and they knew of his exposed position and of his danger of collision with the pole, it may be that he might have an action against the company; but, in our opinion, he has no greater right of action against the defendant, who committed no trespass, but was acting lawfully in placing the pole where it did, than would one walking along the street have against the owner of a lot, who had planted a shade tree by permission of the city, for an injury occasioned by a collision with such tree.   The plaintiff is simply one of the public, and can claim no rights or pro-

tection in the use of Jones street that might not be claimed
by another citizen.   Had he been walking or driving on
Jones street, and run into the pole, he could not recover
against the defendant, as the collision would be the re-
sult of his own act.   But further than this, the plaintiff,
when injured, was not using the street as one of the
public.   He had abandoned his rights therein and what-
ever protection was due him in that capacity, when he left
the street and boarded the car of the railroad company.
In mounting the car he stepped from the street upon the
moving premises of the company, and when he did this he
voluntarily placed himself in a position where he neces-
sarily surrendered control of his own movements so long
as he remained on the car.   In mounting the car and re-
maining there, he voluntarily surrendered himself to the
control of the force which was moving it.   He voluntarily
put himself in a position where he could no longer avoid
contact with the pole.   Had he remained upon the street
in the character of one using the street, he could have
avoided the collision, but when he mounted the car he
ceased to have control over his movements.   It will not
do to say that, where the city gives a railway company the
right to run its cars through a street, any chance pedes-
train who boards a train is using the street as a citizen,
and entitled to all the privileges and protection incident
to such character.   Under the circumstances of this case
the defendant owed the plaintiff, as one of the public, no
greater duty while riding on the car than it owed him had
he been walking or driving upon the street.   It owed no
duty to the railroad company, because that company had
acquiesced for years in the use of the street granted by the
city to the defendant, and operated its cars thereon with
full knowledge of the dangers incident to the services
performed by its employees in control of passing cars.   It
had no greater right in the street than had the defendant.
Both were there by permission.   In all probability the
railroad company had anticipated the danger of collision
from this pole, and had warned its employees to guard

against it. That would probably be its duty, and its duty to anyone whom it commanded or knowingly allowed to ride in the position which plaintiff occupied. But neither the defendant nor the city owed any duty to the plaintiff to notify him of the position of the pole. Had he walked or ran against it in the broad light of day, such collision would be the result of his own carelessness, because, the pole being in plain view, he must take notice of it. The fact that he left the street and mounted the car did not add to the duty of the city or of the defendant to protect him by notice of the location of the pole. He was charged with notice of its location to the same extent that he is charged with notice of the location of a lamp-post erected by the city, and this is true whether he is using the street as a traveler thereon or as a traveler on board a passing railroad car.

It is quite plain to us that no charge of negligence can be laid to the defendant in the erection of these poles, unless it owes to every citizen the duty to guard him from contact with every pole which it erects in the street, and this duty we do not think exists. When defendant maintains its poles in a safe and sound condition at the point directed by the city authorities, it has performed its whole duty to those using the streets, and, if collision with these poles is brought about by the voluntary act of the party or by some uncontrollable force, the defendant is not liable.

We think the court was right in directing a verdict for the defendant and entering judgment thereon, and recommend an affirmance of the judgment.

JACKSON, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.