JAMES W. JOHNSTON, APPELLEE, v. NEW OMAHA THOMSON-HOUSTON ELECTRIC LIGHT COMPANY, APPELLANT.*

FILED JANUARY 5, 1907. No. 14,602.

1. **Negligence**: INJURY TO CHILD. In an action for damages for personal injuries to an infant alleged to have been caused by the negligence of another, the foundation for recovery, if there is any, is not the tender years of the child, but the culpable negligence of the defendant.

2. ———: DAMAGES. In an action for damages for personal injuries alleged to have been inflicted by the negligence of another, a recovery can be had for such consequences only, of the act complained of, as ought reasonably and probably to have been anticipated to flow therefrom.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed.*

*Greene, Breckenridge, Matters & Kinsler,* for appellant.

*T. W. Blackburn* and *R. S. Horton, contra.*

AMES, C.

This is an appeal from a judgment for damages for a personal injury to a son of the plaintiff, a lad 12 years of age.

There is a foot passage way or sidewalk along the side of a viaduct in the city of Omaha. On the outside of this walk, and along the edge of the viaduct, is an iron railing or fence 44 to 46 inches in height, and constructed

* Rehearing allowed. See opinion, p. 27, *post.*

of three horizontal rails connected with cross-pieces or lattice work. On the outside of this fence and fastened thereto, and to the substructure of the viaduct, a street railway company has erected and maintains trolley poles. From the outside of these poles brackets or arms are extended, and upon insulators at the ends of the arms wires are suspended for the carrying of currents of the defendant, which is an electric lighting company. The apparatus of the defendant was erected in compliance with regulations of the city authorities with reference to the subject, and under the supervision of the city electrician. The distance to the wires from the top rail of the fence is not less than 18 and is perhaps 30 inches, much the greater weight of the testimony favoring the latter. On the occasion of the happening of the injury, the plaintiff's son and four other boys of about the same age approached the viaduct on foot for the purpose of crossing it, when one of them remarked that another boy, not then present, had received a shock some days before from a wire on one of the poles, which was designated. When the party had arrived at this place one of the boys climbed on the second or middle rail of the fence and proposed to grasp the wire, but was dissuaded from so doing by his companions. After that the plaintiff's son proposed that he would climb on the fence "and see if he could get a shock." All the other lads warned him against so doing, but he persisted, telling them to stand at one side, so that if, when he should touch the wire, he should fall he would not hurt them, and after making a second attempt did succeed in touching the wire, from which he received the injury complained of. There is no evidence with respect to the insulation of the wire, except what may be inferred from the circumstances just narrated, and none that the defendant, its agents or servants had any knowledge or notice of the previous occurrence mentioned by the boys, or that their apparatus was out of repair, if it was so. At the close of the trial the defendant asked a peremptory instruction in its behalf, which the court refused, and

submitted the case to the jury, who returned a verdict for the plaintiff, from a judgment on which this appeal is prosecuted.

We think that the instruction ought to have been given. It does not appear that the defendant's structure was unskillfully or negligently made, or that it differed in any respect from such as are required by the regulations and authorities of the city and are in general use for like purposes elsewhere. If the wire lacked insulation it is not shown that that fact was known to the defendant or its employees, or had existed for so long a time that knowledge thereof by it or them may be presumed, or that want of knowledge was due to negligence. The wire was not within the public highway or so near thereto that travelers thereon were likely to come in contact with it, nor does it appear that any such persons had ever done so. The structure is not of such a character as to be obviously attractive to children or likely to be used by them as a plaything, nor does it appear that it ever was so used, except on the occasion under inquiry. The hearsay testimony about another boy having received a shock at another time is, of course, not evidence, and the event, if it happened, is not shown, even by hearsay, to have come to the notice of the defendant. Even if the wire was negligently allowed to remain insufficiently insulated, of which we think there is not sufficient evidence, the injury complained of is not such a one as could reasonably and naturally have been anticipated would result therefrom, and it is only for the natural and probable consequences of negligence that a person accused of it is responsible. *Cole v. German Savings and Loan Society,* 124 Fed. 113, and authorities cited; *Stark v. Muskegon T. & L. Co.,* 141 Mich. 175; *Powell v. New Omaha T.-H. E. L. Co.,* 74 Neb. 280; *City of Crete v. Childs,* 11 Neb. 252. This rule is too well settled to require further citation of authority in its support, and we do not understand that it is at all interfered with or affected by the fact that a person who may accidentally suffer an injury is a child of tender years.

We have not seen occasion for discussing the character and intelligence of the plaintiff's son, which, if there was evidence of negligence by the defendant, would ordinarily be a question for the jury. He showed a somewhat remarkable persistence in the pursuit of a known danger, and seems to have fully and accurately anticipated and appreciated the injuries likely to be, and which were, consequent upon it, namely, a burning of his hand and a considerable shock to his nervous system. It appears to us at least doubtful if a person thus competent to judge of his own conduct, in connection with known circumstances, can be excused from the charge of contributory negligence because of his youth. But in all such cases the foundation of a right of recovery, if there is any, is not the tender years of the plaintiff, but the culpable negligence of the defendant, which latter is in this case wholly unproved.

For the reasons given, we recommend that the judgment of the district court be reversed and the cause remanded.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded.

REVERSED.

The following opinion on rehearing was filed October 16, 1907. *Former judgment of reversal adhered to:*

1. Negligence: INJURY TO CHILD. An ordinarily bright and intelligent boy twelve years old, living in a city in which electric light and power wires are in constant use on nearly all of the principal streets and highways, who, having knowledge of the danger but not of its extent, purposely takes hold of such a wire in order to obtain a shock, and is injured thereby, is, as a matter of law, guilty of contributory negligence.

2. ———: DAMAGES. One who is negligent in a situation of danger, the existence and nature of which he knows, is not entitled to recover damages for an injury which his negligent conduct invites because such injury is greater than he anticipated.

AMES, C.

A reargument has been heard in this case because a motion for a rehearing complained of certain misstatements of fact in the former opinion, *ante,* p. 24. The opinion says that at the time of the happening of the injury in suit the defendant was not aware that its wire was without insulation at the point of contact therewith by the plaintiff's son, and was at that time without knowledge of a previous injury therefrom to another boy. Both these statements are erroneous, but to what extent either is material may be a subject of debate. The second of them is better described as inaccurate than erroneous. It is not shown what was the age of the boy formerly hurt, or how or in what circumstances the mishap took place, or .that it was such a one as would reasonably have been anticipated to recur. It was these matters upon which the mind of the writer of the opinion dwelt and to which he intended to give expression. There is, in our view, nothing in the nature of an electric light wire, placed eighteen or more inches outside a public way and defended by a substantial fence four feet high, which would lead a person to suppose that it is attractive to children of tender years as a plaything, and there is no evidence that the defendant knew or apprehended the wire in question to be so. Decided cases involving the right of children of tender years, or their parents or guardians, to recover for the consequences of negligent injuries fall into several classes. One of them is of those instances where the child is employed or is rightfully present in a place of danger, and does or omits an act or acts which in a person of mature years and ordinary experience and intelligence would be admittedly negligent, but for which conduct the child, on account of his supposed lack of these qualities, is either absolutely excused, as a matter of law, or the degree of his incapacity or lack of discretion, and consequent irresponsibility, is left to the jury as a question of fact. The line of discrimination between these two

subdivisions, in one of which the injury is disposed of as a matter of law and in the other of which it is treated as a question of fact, is extremely obscure and uncertain, if there can be said to be any such distinct line, and its discovery in every instance is largely dependent upon the peculiar circumstances of the particular case, and perhaps upon the unconscious bias and preconception of the court who decides it. But with neither of these subclasses or with their definition have we anything now to do. Another class of cases is composed of instances in which the party by or on behalf of whom the complaint is made was not an employee or rightfully present, and was one toward whom the person owning the instrument inflicting the injury owed no duty, except to abstain from malicious or wanton misconduct. Ordinarily, in such cases, if the person injured is an adult, the question of negligence or of contributory negligence, properly speaking, does not arise, the trespasser assumes the risk of his own conduct, and no liability exists. But if the person injured is of immature years several questions arise, all of which, to justify a recovery, must be answered in the affirmative: *First.* Is the machine or appliance of such a character as to be generally known, or was it or should it have been known to the proprietor, to be likely to inflict the same or a similar injury if unguardedly dealt with? *Second.* Was it of such a character that a reasonably prudent man would have known, or did the proprietor in fact know, that it was of such a character as to attract or induce young and indiscreet persons to employ it as a plaything, in mental obliviousness, or nearly so, to their peril in so doing, or at least of the nature or degree of such peril? *Third.* Was the party injured of the description last given? Obviously the last question may be solved in one of two ways. Either discretion or indiscretion may be conclusively presumed, as a matter of law, from the age and experience of the child, or the age may be regarded as raising a presumption susceptible of rebuttal by evidence. And here, too, the authorities speak with no certain or un-

equivocal voice. We think it would render this opinion uselessly prolix to make an attempt, necessarily fragmentary and imperfect, to cite and criticise the hundreds of reported decisions treating of this and allied questions. A comprehensive and masterly collection and review of them may be found in 1 Thompson, Commentaries on Law of Negligence, secs. 306-349. It seems sufficient to refer to that work and to state our own conclusions as to the principles deducible therefrom and as to their application to the pending case.

One inference from these decisions seems to be quite clear, and that is that the rules of law and practice relative to the weight, sufficiency and conclusiveness of evidence with respect to any of the foregoing questions, in cases in which they are to be decided upon evidence, are not different from such as are applicable to the trial of other cases. Now, we are far from assuming, in the absence of proof, that an electric light wire situated as was the wire of the defendant is an object of such a nature, or is so generally known to be such that the defendant must be presumed to have known it so to be, as to attract and induce children of tender years, or boys of ten or twelve years of age, to make use of it as a plaything. Neither do we think the evidence sufficient to prove that the defendant had such knowledge, or that the wire was in fact of such a nature. So far as our own observation goes or legal literature discloses, the casualty complained of was singular and peculiar. The circumstances of the former mishap are unknown, and it is a matter merely and wholly of conjecture whether it occurred in circumstances like those in the pending case or otherwise. And one swallow does not make a summer. Even if the circumstances had been shown to be similar, the defendant might have been excused from apprehending, because of its knowledge of one such happening, that so singular and improbable an event would be repeated, and have been permitted to rest securely upon its knowledge that its wire, though the insulation was slightly impaired, was so guarded as to

insure the safety of the traveling public and of all others
who had a right or could be expected to meddle with it.
But the circumstances of the accident themselves are such
that all these questions may be resolved in favor of the
plaintiff and still there can be no recovery.   There were
five boys in the party.   One of them climbed upon the
fence as if to touch the wire, but his companions "scared
him down."   Then the plaintiff's son climbed partly up the
fence, apparently with like intent, and his companions
"scared him down."   Then he told them to go on one side
so as to be out of the way if he happened to fall, and then
he climbed up again and touched the wire and received the
shock and consequent injury of which complaint is made.
The evidence establishes several things without contra-
diction and conclusively.   Electricity is a mysterious
power, but in many of its common manifestations is not
and has not been for many years an unknown force.   It is
a matter of common knowledge that electric light and
power wires carry powerful and death dealing currents,
and that they are the frequent cause of severe and fatal
accidents, and that ordinary prudence requires all persons
to avoid contact with them, especially if they are im-
perfectly or defectively insulated.   The evidence estab-
lishes conclusively that the plaintiff's son was an ordi-
narily bright and intelligent lad, twelve years of age, who
lived in the city and knew that the wire carried a current
sufficiently powerful to light the circuit of which it was
a part, and knew that, because of defective insulation or
other defect at the place in question, such current was
capable of being diverted into the body of any person
coming in contact with it, and knew that shortly before
that time it had been so diverted and had thereby caused
a shock or injury more or less serious to the person of
another boy.   That he anticipated an injury of some de-
gree to himself is undeniable, because what he deliberately
sought was a "shock," which is nothing less than an
injury.   Whether he also anticipated its extent or degree
is not known, but that he supposed that it would be of

considerable severity is shown by his caution to the other boys to stand out of danger in case of his fall.

We know of no rule of law to the effect that, when one is negligent in a situation of danger the existence and nature of which he knows, he may nevertheless recover damages because the resulting injury is greater than he anticipated. We think the case falls precisely within the rule which governed the decision of *Frauenthal v. Laclede Gas Light Co.*, 67 Mo. App. 1, in which the plaintiff's son, a boy seventeen years old, purposely took hold of the end of a broken electric light wire, knowing the danger of so doing, but not its extent, and was killed. A recovery was denied and the deceased was held to have been guilty of contributory negligence as a matter of law. Irrespective therefore of the question of negligence of the defendant company, we are of opinion that the former judgment of this court should be adhered to because the negligence of the plaintiff's son was a contributory, if not the sole, cause of the injury complained of. The case appears to us to be quite unlike the turntable cases and others of like kind, where children are injured by machinery and appliances attractive as playthings and left unguarded in such situations as to invite them to gratify their impulses without knowledge or apprehension of danger, and it is only in accordance with the principle of those cases that the plaintiff seeks to recover.

We therefore recommend that the former decision of this court be adhered to.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the former decision of this court is adhered to.

REVERSED.