JAMES W. JOHNSTON, APPELLANT, V. NEW OMAHA THOM-
SON-HOUSTON ELECTRIC LIGHT COMPANY, APPELLEE.

FILED FEBRUARY 26, 1910.   No. 16,032.

1. Appeal: FILING TRANSCRIPT: COMPUTATION OF TIME. The computa-
tion of time for filing a transcript in this court on appeal from
the district court, under section 675 of the code, is controlled by
the provisions of section 895 of the code.

2. ———: ———: ———. The rule stated in the third paragraph of
the syllabus in *McGinn v. State*, 46 Neb. 427, reaffirmed, and *held*
applicable to section 895 of the code.

3. ———: ———: ———. Section 895 of the code *held* to apply to the
computation of time, whether the time to be taken into account
be days, months or years; and where an act is to be done, or is
permitted to be done, within a specified time, and the last day is
Sunday, it shall be excluded and the act may be done on the fol-
lowing day.

4. ———: REVERSAL: SECOND TRIAL: DIRECTING VERDICT. On a former
appeal from a judgment in favor of plaintiff, the case was reversed
on the ground that the evidence was insufficient to establish
actionable negligence on the part of the defendant. On a second
trial no new or additional evidence on that branch of the case
was offered by plaintiff. The trial court directed a verdict for
the defendant. *Held* no error. *Anderson v. Union Stock Yards
Co.*, 84 Neb. 305, followed.

APPEAL from the district court for  Douglas  county:
WILLIAM A. REDICK, JUDGE. *Affirmed.*

*T. W. Blackburn* and *Richard S. Horton,* for appellant.

*Greene, Breckenridge & Matters, contra.*

FAWCETT, J.

This is the third time this case has been before us for
consideration, the two former hearings being reported in
78 Neb. 24, and 78 Neb. 27. The opinions of Mr. Com-

missioner AMES on those two hearings contain a full statement of the facts, and they will not be restated here. On the last trial the court directed a verdict for the defendant, and entered judgment thereon. Plaintiff appeals.

We are met at the threshold of the case on the present hearing with an objection by defendant to the jurisdiction of this court on the ground that the transcript was not filed within the six months required by statute. The motion for new trial was overruled and judgment entered in the court below June 20, 1908. The six months' time allowed for filing the transcript in this court would therefore expire December 20, 1908. It was not filed until December 21, or one day after the statutory time. December 20 was Sunday, and plaintiff contends that this entitled him to file his transcript on the day following. The question presented by this objection therefore is the construction of section 895 of the code, which reads as follows: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." As the record before us calls for an affirmance on the merits, we were strongly tempted to follow the line of least resistance and affirm the judgment, without deciding the objection to jurisdiction; but, as the point is squarely raised in defendant's brief and has been argued by counsel on both sides at the bar, and is likely to arise again at any time, we concluded to make a thorough investigation of the point and definitely decide it, so that the matter may be set at rest in this jurisdiction. Section 675 of the code provides: "The proceedings to obtain a reversal, vacation or modification of judgments and decrees rendered or final orders made by the district court, except judgments and sentences upon convictions for felonies and misdemeanors under the criminal code of this state, shall be by filing in the supreme court a transcript certified by the clerk of the district court, containing the judgment, decree or final order sought to be reversed, vacated or modified, within six months from the

rendition of such judgment or decree or the making of such final order or within six months from the overruling of a motion for a new trial in said cause; the filing of such transcript shall confer jurisdiction in such cause upon the supreme court." We have frequently held that an appeal must be prosecuted within the time limited by this section of the code in order to confer jurisdiction upon this court. *Glore v. Hare,* 4 Neb. 131; *Chapman & Scott v. Allen,* 33 Neb. 129; *Fitzgerald v. Brandt,* 36 Neb. 683; *Omaha Loan & Trust Co. v. Ayer,* 38 Neb. 891; *Renard v. Thomas,* 50 Neb. 398.

*Patrick v. Faulke,* 45 Mo. 312, cited and relied upon by defendant, squarely sustains defendant's contention. The Missouri statute is identical with ours. In construing it, the court say: "The word 'excluded', as used in the statute, is somewhat ambiguous when practically applied; but, as the general rule is, when construing statutes, to give it a restrictive operation, and, as such is the recognized principle in commercial law, I am of the opinion that the legislature used it in this sense. The language of the statute would seem to import and imply this construction. In the computation, the first day is to be excluded and the last day included; but, if the last day fall on Sunday, it, too shall be excluded, showing that the act, then, must be performed on the previous Saturday."

We are unable to understand how the court could reach such a conclusion as to the meaning of the word "excluded" in the statute quoted. If Sunday is excluded, it is removed; taken away; stricken from the calendar. That day being gone, another day must elapse before the time within which the act required to be performed is complete. We are not alone in our inability to understand the reasoning of the learned judge who wrote that opinion. In *Miner v. Tilley,* 54 Mo. App. 627, and *Evans & Hollinger v. Chicago & A. R. Co.,* 76 Mo. App. 468, *Patrick v. Faulke* is so ably and thoroughly criticised and discredited as to leave nothing further to be said. In the latter case the court cites an Alabama case, the only other

case we have found squarely in line with *Patrick v. Faulke*, and say: "There is one case (*Allen v. Elliott*, 67 Ala. 432) which has given expression to the same view taken in *Patrick v. Faulke, supra*. The Alabama statute is the same as ours. The court refers for authority to Bouvier's dictionary, 'Sunday.' But singularly enough the rule is there stated exactly to the contrary. It is evident that the learned judges in writing the opinions in those cases (*Patrick v. Faulke* and *Allen v. Elliott*) excluded Sunday from the *time* allowed in which to do the act, instead of excluding it from the *count of the time*. By such inadvertence their statement of the rule is in the face of the statute. The statute reads that Sunday shall be excluded, not from the time, but from the computation of the time." There, we think, the court of appeals gives the true construction of the statute under consideration, viz., that excluding Sunday does not extend the time, but merely excludes it from the count of the time.

*Robinson, Adm'r, v. Foster*, 12 Ia. 186, is cited in the note in 49 L. R. A. 204. But an examination of the case shows that it is not in point here. The statute under consideration there provided that "the defendant, if served otherwise than by publication, shall be held to answer at the next term after service, provided, (1) he be served within the county where suit is brought in such time as to leave at least ten days between the day of service and the first day of the next term." It will be seen that under that statute there was nothing which could be done on the last day. There was nothing calling for any action on that day. The act to be performed was required to be performed prior thereto and long enough prior so that there should be ten days *between* the time of the performance of the act and the first day of the ensuing term of court. There is nothing in the act, there required to be performed, which brings it within the meaning of the wording of our statute. The supreme court of Iowa later, in *Conklin v. City of Marshalltown*, 66 Ia. 122, relieves the situation in that state of all doubt by this

holding: "Plaintiff filed his petition on the twenty-ninth of November, and the next term of court commenced on the tenth of December. *Held,* That the ninth of December being Sunday, the petition was filed 10 days before the term." (23 N. W. 294.)

*Merritt v. Gate City Nat. Bank,* 100 Ga. 147, 38 L. R. A. 749, is another case where there was nothing that would or could be done on the last day. *Vailes v. Brown,* 16 Colo. 462, 14 L. R. A. 120, was a contested election case. An examination of the opinion shows that the decision in that case is predicated upon a prior opinion of the court which holds that the proceedings upon an election contest before the county judge, under the statute, "are special and summary in their nature. * * * The act is not only special in character, but it furnishes a complete system of procedure within itself"; and it is for that reason the court holds that the general statute as to computation of time does not apply. *Shefer v. Magone,* 47 Fed. 872, refuses to exclude Sunday when it is the last day, but the opinion shows that the reason for that holding is that there was no statute providing that Sunday should be excluded. *Haley v. Young,* 134 Mass. 364, has been several times cited as an authority on this question. But that court also recognizes that, where there is a statute, the rule is different. They quote with approval from *Cooley v. Cook,* 125 Mass. 406, as follows: "Whenever the time limited by statute for a particular purpose is such as must necessarily include one or more Sundays, Sundays are to be included in the computation, even if the last day of the time limited happens to fall on Sunday, unless they are expressly excluded, or the intention of the legislature to exclude them appears manifest." To the same effect is *Dorsey v. Pike,* 46 Hun (N. Y.) 112. In *Gibbon v. Freel,* 65 How. Pr. (N. Y.) 273, the court of appeals of New York considered section 788 of the code (similar to ours), and held: "When the statute requires service of process to be made out of the state or by publication within thirty days, and the thirtieth day occurs upon Sunday, a service

made or publication commenced on the thirty-first day is a compliance with the statute."

*Williams v. Lane,* 87 Wis. 152, is cited in the note in 49 L. R. A. 204, as an authority on this point. The fifth paragraph of the syllabus reads: "Where the year within which an action must be commenced ends on Sunday, the action cannot be commenced on the next day." In the opinion Pinney, J., says: "We are of the opinion that the action, as to these plaintiffs, was not brought in time, and that by the great weight of authority, where the time for doing an act is one or more years, and the last day falls on Sunday, it cannot be lawfully performed on the next day. In such case the act should be performed on the preceding day"—citing *Haley v. Young,* 134 Mass. 364, and two or three other cases, none of which bear out the distinction attempted to be drawn by the learned judge between an act to be done within one or more years and one to be performed within a given number of days. We think the writer of that opinion got his idea from the statutes of Wisconsin (Wis. St. 1898, sec. 4971), and not from the cited cases. The statute upon which the opinion is predicated is very different from the one we are considering. It reads: "The time within which an act is to be done as provided in any statute, when expressed in days, shall. be computed by excluding the first day and including the last, except that if the last day be Sunday it shall be excluded; and when any such time is expressed in hours the whole of Sunday, from midnight to midnight, shall be excluded." The very decided difference between that statute and the one at bar is so apparent that discussion is unnecessary.

*Johnson v. Meyers,* 54 Fed. 417, also attempts to distinguish between a limitation by month or year and one by days. The opinion by Sanborn, J., quotes section 5013, U. S. Rev. St., title "Bankruptcy", as follows: "In all cases in which any particular number of days is prescribed by this title, or shall be mentioned in any rule or order of court or general order which shall at any time be made

under this title, for the doing of any act, or for any other purpose, the same shall be reckoned, in the absence of any expression to the contrary, exclusive of the first, and inclusive of the last, day, unless the last day shall 'all on a Sunday, Christmas day, or on any day appointed by the president of the United States as a day of public fast or thanksgiving, or on the 4th of July, in which cases the time shall be reckoned exclusive of that day, also." In the opinion the learned judge says: "Where the time limited for the performance of an act is less than seven days, where the unit of its measurement is the day, and there is reason to suppose that juridical days were intended by a statute or act of congress, there is reasonable ground for the holding that Sundays and legal holidays falling within such time shall be excluded. * * * But where the time limited is such that one or more Sundays must fall within it, and there is no statute or act excluding any of them, it is certainly not the province of the court to extend the time fixed by including the last, the first, or any intermediate Sunday or holiday. * * * Moreover, where the unit of measurement of the time limited is not the day, but is the month or year, there is still less reason to hold that any day that falls within the month or year can be excluded by the court."

As opposed to the construction by Sanborn, J., of section 5013, under consideration, we have the construction of the same section of United States Revised Statutes by Mr. Chief Justice Gray, in *Cooley v. Cook,* 125 Mass. 406. The syllabus reads: "Under the U. S. Rev. St., sec. 5013, the four months next preceding the commencement of proceedings in bankruptcy, an attachment made within which is dissolved by section 5044, are to be reckoned exclusive of the first day, and, if the last day falls on Sunday, exclusive of that also." In the opinion the learned chief justice says: "In the case at bar, computing the four months according to the rule so established, whether we reckon forwards from the day of the attachment, or backwards from the day of the commencement of the proceed-

ings in bankruptcy, the last day of the four months falls on a Sunday, and the question is whether, for that reason, another day is to be included in the computation. * * * (Citing cases.) The determination of the question before us therefore depends upon the true construction of the last clause of the U. S. Rev. St., sec. 5013. This section, after defining the meaning of various words used in the title 'Bankruptcy' in these statutes, provides as follows: (Setting out the same section quoted by Sanborn, J., in *Johnson v. Meyers, supra*.) The bankrupt act, in several places, measures time by days; sections 4981, 4982, 5021, 5024, 5032, 5036, 5056, 5102; in a greater number of places by months; sections 5014, 5023, 5044, 5054, 5092, 5093, 5101, 5110, 5128, 5129, 5132; in a few instances by years; sections 5057, 5120, 5132; and in one section by each of the three; * * * section 5108. It can hardly be presumed that congress, in laying down general rules of definition and interpretation, especially as to the computation of time, intended them to be inapplicable to the majority of instances in which periods of time are mentioned in the bankrupt act. The more reasonable conclusion is that the intention was to establish a general rule of interpretation, by which all periods of time prescribed in that act might be computed. The cases in the federal courts support this view." We think the reasoning of Mr. Chief Justice Gray is unanswerable and completely overcomes the distinction between the computation by days, or by months or years, attempted to be made in *Johnson v. Meyers* and *Williams v. Lane, supra*.

In addition to the authorities opposed to defendant's contention, which we have already considered in connection with the cases in support thereof, we call attention to the following: *Carothers v. Wheeler*, 1 Or. 194; *Gage v. Davis*, 129 Ill. 236; *Hicks v. Nelson*, 45 Kan. 51; *Muir v. Galloway*, 61 Cal. 498; *City of Spokane Falls v. Browne*, 3 Wash. 84; *Edmundson v. Wragg*, 104 Pa. St. 500; *West v. West*, 20 R. I. 464; *Spencer v. Haug*, 45 Minn. 231. In *Spencer v. Haug*, the first paragraph of the syllabus an-

nounces the rule exactly as we have announced it in *Mc-Ginn v. State*, 46 Neb. 427, viz.: "Gen. St. ch. 66, sec. 82, relating to the computation of time, was intended to establish a uniform rule, applicable to the construction of statutes as well as to matters of practice." The question involved in that case was the ten-year lien of a judgment; that is to say, the time when the right to proceed for the enforcement of the judgment expired. The court, on pp. 232, 233, discuss the matter at length. We will not prolong this opinion by quoting therefrom except to call attention to the concluding remarks of the court with reference to the statute for computation of time, which is identical with our own. On that point the court say: "Inasmuch as the certainty of a rule is of more importance than the reason of it, we think the legislature intended by section 68 to put an end to all this confusion and uncertainty by adopting a uniform rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes." In *McGinn v. State*, 46 Neb. 427, we had under consideration section 895 of the code, and held: "The provision of section 895 of the code of civil procedure, for the exclusion of the first day in computing the time within which an act is to be done, was intended to establish a uniform rule, applicable alike to the construction of statutes and to matters of practice." That holding was made in response to the contention frequently made that the section of the code under consideration referred only to matters of practice, and not to the construction of statutes. By our holding in that case, all doubt on this subject was removed, and the section under consideration must now be considered as applicable alike to the construction of statutes and to matters of practice.

Notes on the matters above discussed may be found in 14 L. R. A. 120, and 49 L. R. A. 204. Defendant has called our attention to *Cary-Lombard Lumber Co. v. Fullenwider*, 150 Ill. 629. We have examined the case, but do not consider it in point, as the question of Sunday is in

no manner involved therein. After a full and careful consideration of the question, as indicated by the above over-lengthy opinion, we hold, in line with the supreme court of Minnesota, that section 895 of the code, was intended by the legislature to put an end to all confusion and uncertainty by adopting a uniform rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes, and that it applies to the computation of time, whether the time to be taken into account is days, months, or years, and that where an act is to be done, or is permitted to be done, within a specified time, and the last day is Sunday, it shall be excluded, and the act may be done on the following day. It follows, therefore, that the appeal in the case at bar was in time.

We have gone into the matter thus fully for the reason that the question is an important one, one that is liable to arise at any time. In fact, another case in the same condition as the one at bar, although the point is not raised by counsel, is now under consideration by this court. We have analyzed, discussed and cited the cases in detail, in order that the bar may understand that the point has been thoroughly and carefully considered by the court and further discussion of the subject foreclosed.

. A consideration of the case on the merits leaves us no alternative but to affirm the judgment of the court below. When the case was before us the first time, we held that the evidence was insufficient to establish the negligence of the defendant. On rehearing that holding was not retracted, but was in effect reannounced. On the last trial of the case, no additional evidence was offered upon that point. The injured boy did not testify at the former trial, and the declaration in the second opinion that he was as a matter of law guilty of contributory negligence was made in view of that fact. Ordinarily, as said in the first opinion, the question of the intelligence of an injured child is a question for the jury.

Our former holding as to the lack of evidence of defendant's negligence should be treated as the law of the

case. *New Omaha T.-H. E. L. Co. v. Rombold,* 73 Neb.
259; *Hargadine v. Omaha B. & T. R. Co,* 76 Neb. 729.
The judgment of the district court must therefore be
affirmed, regardless of the question of contributory neg-
ligence.

AFFIRMED.