John E. EVANS, Plaintiff in Error,

v.

Bobby Jean DAVIS, Defendant in Error.

No. 40800.

Supreme Court of Oklahoma.

Oct. 12, 1965.

Stubbs & Maynard, Oklahoma City, for plaintiff in error.

Berry & Berry, Oklahoma City, Morton Y. Loar, Oklahoma City, for defendant in error.

IRWIN, Justice.

On November 26, 1962, John E. Evans, referred to as plaintiff commenced proceedings against Bobby Jean Evans, to recover damages resulting from a car accident which occurred on November 22, 1960. The trial court sustained defendant's demurrer to the petition apparently for the reason the same was barred by the two year Statute of Limitations as provided by Title

12 O.S.1961, § 95. Plaintiff gave his notice of appeal.

Within term, plaintiff filed a motion to vacate the order of the trial court sustaining defendant's demurrer and included therein was his application for leave to file an amended petition. Attached thereto were exhibits which disclosed that November 22, 1962, was Thanksgiving Day; that the Board of County Commissioners had declared November 22nd and 23rd as holidays, in observance of "Thanksgiving"; that the Board of County Commissioners had adopted a resolution that the county courthouse, excluding the Sheriff's office and jail shall be open for the transaction of official business, Monday through Friday; and that the Court Clerk's office was closed on November 22nd, 23rd, 24th and 25th of 1962.

The trial court denied plaintiff's motion to vacate the order sustaining the demurrer and application for leave to file an amended petition. Plaintiff has appealed from such order.

## CONTENTIONS

Plaintiff contends that when the last day for the filing and commencement of a cause of action falls on a date when the courthouse is closed for business, it may be filed on the next day that the courthouse is open for business.

Defendant contends the action is barred by the two year Statute of Limitations and that such statute is not a procedural rule, but a rule of property and may not be altered, amended or extended without express legislative enactment.

## CONCLUSIONS

Title 12 O.S.1961, § 73, provides that the time within which an act is to be done shall be computed by excluding the first day, and including the last; if the last day be Sunday, it shall be excluded.

In State ex rel. Hunzicker v. Pulliam, 168 Okl. 632, 37 P.2d 417, 96 A.L.R. 1294, we quoted with approval the case of Johnston v. New Omaha, etc., Electric Light Co., 86 Neb. 165, 125 N.W. 153, and said:

"In the case of Johnston v. New Omaha, etc., Electric Light Co., 86 Neb. 165, 125 N.W. 153, 20 Ann.Cas. 1314, the Supreme Court of Nebraska held that: 'Said section 895 of the code applies to the computation of time whether the time to be taken into account is days, months, or years; and where an act is to be done, or is permitted to be done, within a specified time, and the last day is Sunday, it shall be excluded, and the act may be done on the following day.' "

In 34 Am.Jur. Limitations of Actions, Sec. 252, p. 207, we find this language, "The prevailing view seems to be that the last day of the statutory period is to be included in the computation, unless such day falls on Sunday, in which case it is usually held, although there is authority seemingly to the contrary, that an action commenced on the following day is not too late". See also 20 A.L.R.2d, pgs. 1258–1261.

■ Sec. 73, supra, does not specifically include or exclude cases where limitations are an issue although there is no language employed indicating any legislative intent to qualify or limit its application. The first portion, relating to computation of time, is applicable in such cases (see First Nat. Bank of Haskell v. Drew, 69 Okl. 59, 169 p. 1092) and we see no valid reason why the "Sunday" provision would not also be applicable. Any other construction would not only shorten the period of limitations if the last day for avoiding such period should fall on Sunday; but it would make inoperative the phrase "if the last day be Sunday, it shall be excluded", to cases where an issue of limitations was involved. We therefore hold that if the last day for avoiding the applicability of the Statute of Limitations should fall on Sunday, by operation of Sec. 73, supra, it shall be excluded and the act for avoiding the applicability of the Statute of Limitations may be performed the next. day.

In addition to Sec. 73, supra, we find the 1957 Legislature enacted a law with reference to days when a public office is not open for public business. This is Title 12 O.S.1961, § 82, which provides:

"When the last day for the filing of any pleading or other written instrument in a public office, or the performance of any act required to be performed in such office, falls on a day when such office is not open for public business, the pleading or other written instrument may be filed or the act performed on the next day when the office is open for the performance of public business. Laws 1957, p. 170, § 1."

Jackson v. Carson, Okl., 347 P.2d 1031, involved a case under the Workmen's Compensation Act and one of the issues was whether the appeal had been timely lodged to the Commission en banc from the order of the trial judge. The last day the appeal could have been filed was on Friday, December 26, 1958, but the State Industrial Court's offices were officially closed until December 29, 1958, for the Christmas holidays and the appeal was not filed until Monday, December 29, 1958. We held that under the terms of the above statute, the appeal was timely filed when the same was filed on December 29, 1958.

■ Defendant does not argue that the County Commissioners could not legally close the courthouse for the Thanksgiving holidays, but contends that by such action, they have in effect, extended the period of limitations; that they have no authority to do so as this is purely a legislative matter and not an administrative matter; and the closing of the courthouse by the County Commissioners could not extend the period of limitations.

The County Commissioners have not extended the period of limitations in the instant action. They only did that which they were authorized to do. Closing the courthouse was an administrative act, pursuant to legislative authority; the effect of such closing was a legislative determination. Although the provisions of Sec. 82, supra, became applicable when the courthouse was closed, it was a legislative determination as to when it would be applicable and the force and effect of such enactment.

By statutory definition, a petition constitutes a pleading (Title 12 O.S.1961, §§ 261 and 263) and Sec. 82, supra, specifically applies to "any pleading". We can see no logical reason why the provisions of Sec. 82, supra, would not be applicable to cases involving limitations if the "Sunday" provision of Sec. 73, supra, is applicable. In both instances the courthouse is closed and a person is prevented from exercising his legal remedy by some paramount authority and neither should be counted against him in determining whether his action is barred by limitations.

■ We therefore hold that when the last day for commencing proceedings to avoid the applicability of the Statute of Limitations is on a day the courthouse is closed for official business, by virtue of Sec. 82, supra, such proceedings may be commenced on the next day when the courthouse is open for public business.

■ In the instant action, plaintiff's cause of action arose as a result of an accident occurring on November 22, 1960, and by excluding the first day and including the last day, the two year limitation to file the action expired on November 22, 1962. However, the courthouse was officially closed for public business on November 22nd, 23rd, 24th and 25th, 1962; and the next day it was open for public business was on November 26, 1962, the date plaintiff commenced the present proceedings. Applying our holding herein to such facts, plaintiff's cause of action was not barred by limitations and the trial court erred in refusing to vacate his order sustaining defendant's demurrer to plaintiff's petition and denying plaintiff's application to file his amended petition.

Plaintiff filed a motion to dismiss this cause on the ground that plaintiff did not file a motion for a new trial. On July 28, 1964, this Court denied defendant's motion to dismiss and cited as our authority the

case of Poafpybitty v. Skelly Oil Company, Okl., 394 P.2d 515. Defendant urges a reconsideration of that case. This Court has consistently adhered to the rule announced in the Poafpybitty case, and we can see no logical reason for receding from such ruling in the instant action.

Judgment of the trial court reversed with directions to proceed in a matter not inconsistent with the views herein expressed.