42 N.W.2d 297 (1950)
152 Neb. 676
STATE ex rel. SMITH
v.
NEBRASKA LIQUOR CONTROL COMMISSION et al.
No. 32820.
Supreme Court of Nebraska.
April 20, 1950.
*298 Webb & Kelley, Omaha, James F. Green, Omaha, for relator.
Clarence S. Beck, Atty. Gen., Homer L. Kyle, Asst. Atty. Gen., for respondents.
Heard before SIMMONS, C. J., and CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.
SIMMONS, Chief Justice.
This is an original action for a writ of mandamus to compel the Nebraska Liquor Control Commission to issue a class "C" liquor license to relator. We allow the writ.
The fact situation is not in dispute. On January 10, 1950, the city commission of the city of Omaha granted relator a class "C" liquor license. This license, properly executed, was forwarded to and received by the Nebraska Liquor Control Commission on January 11, 1950. On January 16, 1950, a telegram protesting the granting of the license was filed in Omaha, transmitted, and received that day by the commission. The commission that day notified the relator that a protest had been received and a hearing would be had. Thereafter the hearing was held on February 1, 1950. The hearing was held over the objections of the relator that the protest was not within the provisions of section 53-132, R.S.1943, so as to confer jurisdiction upon the commission to consider the protest. On February 6, 1950, the commission denied the license. Thereafter the relator applied for and was granted permission to commence this action here.
Section 53-132, R.S.1943, provides for the filing of applications for a license with the municipal clerk of the local governing body, the filing of a bond together with a license fee and cost deposit, the fixing of a time and place for a hearing on the application, the publishing of a notice thereof, and the holding of a hearing. The statute further provides that if, after hearing, a majority of the governing body favors the granting of a license, it shall direct the approval of the bond and cause a resolution favoring the issuance of the license to be spread upon its records, whereupon the clerk is directed to prepare a license in triplicate original and, when signed as provided in the act, shall forward the license in triplicate form to the commission, together with the state registration fee. No question is raised here as to the proper performance of the conditions of the act above outlined.
The act then provides: "The commission shall cause such license to be countersigned by its chairman, attested by its secretary over the seal of the commission, as a matter of course, unless within three days after the receipt of such license executed by the local governing body, as aforesaid, objections in writing by a person residing within the city or village or by any person interested shall be lodged with the secretary of the commission protesting the issuance, the countersigning and completing the issuance of such license, in which event the commission shall proceed as in the case of an appeal from any other final order of the local governing body, as provided in section 53-1,115. If no protest in writing be lodged with the secretary, as aforesaid, the commission shall retain the second duplicate original for the permanent records of the commission, and return by registered mail not later titan the fourth day after their receipt, the original and the first duplicate of such license, properly executed, to the municipal clerk who forwarded them; and the municipal clerk shall forthwith deliver the original license to the applicant and retain the first duplicate original thereof for the files of the local governing body." S. 53-132, R.S.1943. (Emphasis supplied.)
Section 25-2221, R.R.S.1943, provides: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including *299 the last; if the last day be Sunday, it shall be excluded."
This act establishes a uniform rule, applicable alike to the construction of statutes and to matters of practice. McGinn v. State, 46 Neb. 427, 65 N.W. 46, 30 L.R.A. 450, 50 Am.St.Rep. 617; Johnston v. New Omaha Thomson-Houston Electric Light Co., 86 Neb. 165, 125 N.W. 153, 20 Ann.Cas. 1314.
It follows that the time covered by the "unless within three days" provision of the act expired here on January 14, 1950. Nevertheless the commission on January 16, 1950, took the action above stated.
The question then is, what was the commission's duty on January 16, 1950?
Relator contends that the commission had only a ministerial duty to perform. The respondents contend that they had authority to hear and consider the protest and deny the license if in their judgment that was the action to take.
As a general rule, in the construction of statutes, the word "shall" is considered as mandatory and it is particularly so considered when the statute is addressed to public officials. Trobough v. State, 120 Neb. 453, 233 N.W. 452.
That the three-day period for the filing of protests is a limitation on the power of the commission is further evidenced by the provision in section 53-132, R.S.1943, above quoted, that if no protest be lodged "as aforesaid" the commission shall return the original and first duplicate "not later than the fourth day after their receipt * * * properly executed." This provision obviously negatives any discretionary action.
The use of the phrase "as a matter of course" reinforces the conclusion that after three days have elapsed without a protest being lodged the commission has but a ministerial duty to perform. "As of course" is defined by Webster's New International Dictionary, Second Edition, Unabridged, as meaning "* * * a thing to be granted upon a mere showing of the usual grounds and as not within the discretion of the judge to withhold." "Matter of course" is defined in Black's Law Dictionary, Third Edition, as "Anything done or taken in the course of routine or usual procedure, which is permissible and valid without being specially applied for and allowed." Bouvier defines "of course" as follows: "That which may be done in the course of legal proceedings without making any application to the court; that which is granted by the court, without further inquiry, upon its being asked: as, a rule to plead is a matter of course." Bouvier's Law Dictionary, Baldwin's Revision.
It follows that the phrase "as a matter of course" in the statute here being considered means that in the absence of objections as outlined in the act within the three-day period, the commission shall proceed to comply with the statutory procedures. It leaves open no area for the exercise of a discretion. It requires the performance of a purely ministerial duty. It follows that the word "shall" where used in the statute above quoted presumes ministerial action and is mandatory.
When a specific duty is made plain by statute, and the officer is not given any discretion in the matter, one for whose benefit the duty is to be performed may compel its performance by mandamus. State ex rel. Herman v. City of Grand Island, 145 Neb. 150, 15 N.W.2d 341.
It follows that relator is entitled to the writ. See State ex rel. Krasner v. Alabama Alcoholic Beverage Control Board, 246 Ala. 198, 19 So.2d 841.
The respondents cite to us a number of statutory provisions dealing with the general powers of the commission, the restrictions on persons to whom licenses may be issued, the restrictions on locations where liquor business may be conducted, and the powers of the commission in the issuance and revocation of licenses, and submit hypothetical cases which it is contended would result in absurd conclusions if the construction sought by relator were accepted. We do not deem it necessary to discuss these contentions.
Beginning with McCann v. McLennan, 2 Neb. 286, and down to In re Application of Hergott, 145 Neb. 100, 15 *300 N.W.2d 418, we have followed the rule that special provisions in a statute in regard to a particular subject control general provisions. We are here dealing with a special provision of the statute setting out in detail the procedures to be followed in matters such as are here involved. Where the language of a statute is clear and unambiguous it is given effect according to its plain terms. City of Grand Island v. Willis, 142 Neb. 686, 7 N.W.2d 457.
The peremptory writ of mandamus is allowed.
Writ of mandamus allowed.