STATE EXAMINER AND INSPECTOR — SCHOOL DISTRICT AUDIT The State Examiner and Inspector must make an audit of a school district, regardless if an audit has already been made under the provisions of 70 O.S. 505.3 [70-505.3] (1969), provided the requirements of 70 O.S. 4-31a [70-4-31a] (1961) are complied with, that State monies are involved and that such audit will not cause the State Examiner and Inspector to neglect his other duties. The Attorney General has had under consideration your recent letter in which you state and inquire, in effect, as follows: This office has received a petition in proper form with sufficient signatures of legal voters to cause an audit of the books, records and fiscal accounts of the Muskogee City School District in accordance with the provisions of 70 O.S. 4-31a [70-4-31a] (1961). An audit report of the said school district has just been completed by a C.P.A. firm in the City of Muskogee under the provisions of 70 O.S 505 (1961). Must this office make an audit of a school district where an audit has just been completed and published in accordance with the law? Title 70 O S. 505.3 (1969), referred to in your inquiry, provides as follows: "The governing body of each public school in this State shall provide for and cause to be made an annual audit or, in the case of school districts with fifty thousand (50,000) or more in average daily attendance, audit or audits of the financial affairs and transactions of each of the funds and activities of such public school for each fiscal year. Such audit or audits shall be made as of the end of the fiscal year; provided, however, the local board of education may require that audits be made at more frequent intervals." Title 70 O.S. 4-31a [70-4-31a] (1961), also referred to in your inquiry, provides as follows: "On written directive by the Governor, on written request of the State Board of Education, or on petition in writing signed by one hundred (100) legal voters or by twenty-five per cent (25%) of the legal voters, whichever is the less of such school district, the books and accounts relating to the public funds of any school district shall be examined by the State Examiner and Inspector or by his deputy at State expense if any State monies may be involved and other duties enjoined upon him are not neglected in so doing; and copies of his report of such examination shall be duly filed in the manner provided by law." While Section 505.3, supra, provides for an annual audit of school districts without any action by the residents of such districts, Section 4-31a, supra, specifies that an audit of a school district will be made by the State Examiner and Inspector only after certain requirements have been met, one being a petition in writing, signed by the lesser of either one hundred legal voters or twenty-five per cent of the legal voters of a school district. The only qualifications are that State monies are involved and that such audit will not cause the State Examiner and Inspector to neglect his other duties. In the case of Smith v. Neb. Liquor Control Commission, 152 Neb. 676, 42 N.W.2d 297 (1950), the court stated in the body of its opinion: "As a general rule, in the construction of statutes, the word 'shall' is considered as mandatory and it is particularly so considered when the statute is addressed to public officials." Since 4-31a, supra, specifies that the books and accounts "shall be examined" and is directed toward a public official, it should be considered as mandatory. It provides a method for residents of a school district to have an audit of their school district by the State Examiner and Inspector, even if an audit has already been completed under the provisions of Section 505.3, supra. It is, therefore, the opinion of the Attorney General that the State Examiner and Inspector must make an audit of a school district, regardless if an audit has already been made under the provisions of 70 O.S. 505.3 [70-505.3] (1969), provided the requirements of 70 O.S. 4-31a [70-4-31a] (1961) are complied with, that State monies are involved and that such audit will not cause the State Examiner and Inspector to neglect his other duties. (Gary F. Glasgow)