GEORGE H. MOYER, JR., ET AL., APPELLANTS, V.
DOUGLAS & LOMASON COMPANY ET AL., APPELLEES.

325 N.W.2d 648

Filed October 22, 1982. No. 44414.

George H. Moyer, Jr. of Moyer, Moyer & Egley, Thomas J. Monaghan of Monaghan, Tiedeman, Lynch & Gidel, and C. J. Gatz of Jewell, Otte, Gatz, Collins & Domina, for appellants.

Mark M. Sipple and Luckey, Sipple & Hansen, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, and HASTINGS, JJ.

PER CURIAM.

This case involves the allocation of expenses and attorney fees between employer and employee under Neb. Rev. Stat. § 48-118 (Reissue 1978). George H. Moyer, Jr., counsel for the injured employee, appeals from an order of the District Court for Platte County, Nebraska, requiring the repayment of attorney fees and expenses deducted from a portion of a total settlement attributable to the workmen's compensation subrogation claim of the employer. We reverse and dismiss.

Shirley TePoel was injured on September 19, 1974, while operating a machine on the production line for her employer, Douglas & Lomason Company, one of the appellees. The compensation case was settled

and a lump sum payment approved by the District Court for Platte County.

Mrs. TePoel then filed suit against Florida Production Engineering Company, the manufacturer of the machine, in the U.S. District Court for the District of Nebraska. The employer, Douglas & Lomason, was asked to join as plaintiff because of its subrogation interest. On its refusal, the company was joined as defendant. During the jury trial, negotiations on September 7, 1979, produced an offer of a settlement of $50,000. Further negotiations ensued and, at the suggestion of the trial judge, Douglas & Lomason's attorney was asked whether the company and its compensation carrier would reduce the amount of their subrogation interest. An agreement was ultimately reached that reduced the subrogation interest to $7,500. No discussion occurred as to allocation of attorney fees and expenses from this amount. Counsel stipulated that Florida Production Engineering Company would pay the total sum of $50,000 plus costs to Mrs. TePoel and the suit would be dismissed.

On December 17, 1979, Moyer, counsel for Mrs. TePoel, transmitted the subrogation recovery to Douglas & Lomason less an attorney fee of one-third and 15 percent of the expenses.

On December 27, 1979, the order of dismissal was entered in the U.S. District Court. On March 13, 1980, counsel for Douglas & Lomason demanded repayment of the deduction for attorney fees and expenses from Moyer.

On April 9, 1980, Moyer filed a declaratory action in the District Court for Platte County. After a trial, the court found generally for the appellees and specifically that the appellants had not complied with the requirements of § 48-118. The District Court entered judgment on a counterclaim for the appellees in the amount of $3,328.09, with interest and costs. The instant appeal followed.

The appellant Moyer maintains that based upon equitable principles of subrogation as set forth in *Cagle, Inc. v. Sammons,* 198 Neb. 595, 254 N.W.2d 398 (1977), he is entitled to receive an attorney fee from the fund he created which benefited the subrogees. We find it unnecessary to reach this issue, for we hold that the District Court for Platte County did not acquire jurisdiction to resolve the dispute.

Section 48-118 clearly encourages agreement between counsel as to the division of attorney fees in order to avoid disputes of this very nature. *Kitchin v. Burlington Northern, Inc.,* 382 F. Supp. 42 (D. Neb. 1974). In the absence of an agreement, as in this case, the appropriate court has jurisdiction to determine all disputes between the employer and employee, including the setting and allocation of attorney fees and expenses. *Schulz v. General Wholesale Coop. Co., Inc.,* 195 Neb. 410, 238 N.W.2d 463 (1976).

In the instant case Moyer's right to receive an attorney fee from the subrogees of a workmen's compensation award is controlled by § 48-118. The statute sets forth the procedure to be followed: "If either party after the giving of such notice *fails,* by and through his attorney, to join in the making of such claim and the prosecuting of the suit, such party shall waive any and all claims or causes of action for improper prosecution of such suit or inadequacy of a settlement made in accordance herewith, and the party bringing the claim or prosecuting the suit shall be entitled to deduct from any amount recovered the reasonable expenses of making such recovery, including a reasonable sum for attorney's fees, which expenses and attorney's fees shall be prorated to the amounts payable to the employer or his insurer under the above right of subrogation and to the amount in excess of such amount payable to the employer or his insurer under his right of subrogation, *and which expenses and attor-*

*ney's fees shall be apportioned by the court between
the parties as their interests appear at the time of
such recovery. . . .*

"If the employee or his personal representative or
the employer or his compensation insurer join in the
prosecuting of such claim and are represented by
counsel, the reasonable expenses and the attorney's
fees shall be, unless otherwise agreed upon, divided
between such attorneys as directed by the court be-
fore which the case is pending and if no action is
pending then by the district court in which such ac-
tion could be brought. . . ." (Emphasis supplied.)

In the present case the trial court ruled that
Moyer had not complied with § 48-118 and yet pro-
ceeded to exercise jurisdiction. There were two
possible reasons for Moyer's noncompliance, and
the District Court did not state the basis for its find-
ings.

In viewing the notice requirement of § 48-118, we
find that although there was substantial evidence pre-
sented that Douglas & Lomason had notice that suit
was to be filed, opposed the filing, and declined to co-
operate with the attorneys for Mrs. TePoel, it is con-
ceded that literal compliance with the notice provi-
sions was not obtained. However, we note that literal
compliance is not jurisdictional and that only sub-
stantial compliance, as in this case, was necessary.
*Versch v. Tichota,* 192 Neb. 251, 220 N.W.2d 8 (1974).

The only other remaining issue regarding Moyer's
compliance is whether the statute placed a manda-
tory duty upon him to seek an allocation of attorney
fees and expenses before the proper court. This
court cannot acquire subject matter jurisdiction if it
was lacking at the district court level. See *Anania
v. City of Omaha,* 170 Neb. 160, 102 N.W.2d 49 (1960).

It is clear under § 48-118 that if there is a joinder
by the employer in the prosecution of the case, any
dispute, as contended by the appellee Douglas &
Lomason, is to be resolved by the court before whom

the action is pending. When there is no joinder by the employer, the statute contemplates two situations: (1) where suit is filed, and (2) where there is a settlement without suit. The statute states further that in both of these situations the fees and expenses *"shall* be prorated . . . and . . . apportioned by the court between the parties as their interests appear *at the time of such recovery."* (Emphasis supplied.)

In the typical case where the employer joins in the action, the court before which the action is pending is in a better position to allocate fees according to the contributions of each attorney to the case. If the employer fails to join, the court before which the recovery was made would deduct the attorney fee from the employer's subrogation interest without as much of an allocation problem because the employee's counsel made the recovery possible. In most cases these would be in the same court whether the employer joined or not; it becomes more complex, however, when a federal forum is chosen, as in the present case, and it is not entirely clear from the record whether the employer joined or failed to join.

In this case the record reveals that although Douglas & Lomason did retain its own counsel to represent it and also was helpful in a few instances which may have required the allocation of attorney fees, the record indicates that overall the company and its counsel were harmful to the prosecution of Mrs. TePoel's suit against Florida Production Engineering. Douglas & Lomason's president was friendly with the president of Florida Production Engineering, the manufacturer of the machine that injured Mrs. TePoel, and, thus, it was required that court orders and interrogatories be served on them before information was furnished. Douglas & Lomason also moved the machine in question to another state and was very reluctant to let it be viewed or inspected.

In spite of the vigorous assertions to the contrary by Douglas & Lomason, it is clear that the cooperation given Mrs. TePoel's attorney was both grudging and late.

After finding from the record that Douglas & Lomason failed to join, the core question becomes whether § 48-118 provides for an exclusive forum for its resolution, i.e., the U.S. District Court.

" 'In the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intent, from a consideration of the entire statute, its nature, its object, and the consequences that would result from construing it one way or the other, or from such statute in connection with other related statutes.' " *State ex rel. Boxberger v. Burns,* 132 Neb. 31, 35, 270 N.W. 656, 659 (1937).

As a general rule, in the construction of statutes, the word "shall" is considered mandatory and inconsistent with the idea of discretion. *State ex rel. Smith v. Nebraska Liquor Control Commission,* 152 Neb. 676, 42 N.W.2d 297 (1950).

Although § 48-118 is devoid of any relevant legislative history on this matter, it follows from the mandatory language of the statute and this court's previous holdings that the proper court to apportion fees and expenses in this case was not the District Court for Platte County but, rather, the U.S. District Court for the District of Nebraska, which was the forum at the time the settlement was entered into. The U.S. District Court was in a unique position to know the extent of participation in the recovery by both counsel. Any other court attempting to review, evaluate, and apportion the contributions of the respective counsel in hindsight would be faced with an almost impossible task. See *Hammond v. Nebraska Nat. Gas Co.,* 209 Neb. 616, 309 N.W.2d 75 (1981).

We note the fact that the appellee Douglas & Lomason was aware that an attorney fee was being

deducted from its subrogation interest on December 17, 1979. The exclusive jurisdiction of the court in which the action was filed operates equally to bar any recovery of fees retained by Moyer under any theory, save and except in the U.S. District Court. The dispute arose prior to the dismissal of the action and no application was directed to that court.

We therefore hold that under § 48-118, where an action is filed before a particular court and prosecuted to a final conclusion, whether by settlement or judgment, that court alone has jurisdiction to resolve any controversy relating to division of fees and expenses. To hold otherwise would result in unseemly forum shopping. The action, having been prosecuted to a conclusion in the U.S. District Court, it is for that court to resolve the dispute between the parties.

REVERSED AND DISMISSED.

CLINTON, J., participating on briefs.

WHITE and CAPORALE, JJ., not participating.

BOSLAUGH, J., dissenting.

As I understand the record, there was no action between the parties pending at the time this proceeding was commenced. Neb. Rev. Stat. § 48-118 (Reissue 1978) specifically authorizes the District Court to act "if no action is pending."