REQUESTED BY: Malcolm D. Hardin, Secretary for the Board of Public Roads Classifications and Standards, Box 94759, Lincoln, Nebraska, 68509.
1. Would the omission of projects from a One- and Six-Year Plan, as required by Neb.Rev.Stat. § 39-2117 (Reissue 1978) constitute the filing of a materially false report under the penalty provision of Neb.Rev.Stat. § 39-2121 (Reissue 1978)?
2. If the answer to Question No. 1 is yes, does the Board have any penalty option except reducing a governmental entity's highway-user revenue by ten per cent for the following calendar year?
1. Not necessarily.
2. If the Board, after a public hearing and after reviewing the facts of the case, determines that a county has filed a materially false report, the Board must assess the penalty provided in Neb.Rev.Stat. § 39-2121 (Reissue 1978).
Neb.Rev.Stat. § 39-2121 (Reissue 1978) provides, in pertinent part, as follows:
 "(3) If any county or municipality either (a) files a materially false report or (b) constructs any highway, road, or street below the minimum standards developed under section 39-2113, without having received prior approval thereof, such county's or municipality's share of highway-user revenue allocated during the following calendar year shall be reduced by ten per cent and the amount of any such reduction shall be distributed among the other counties or municipalities, as appropriate, in the manner provided by law for allocation of highway-user revenue; Provided, that the penalty for filing a materially false report, and the penalty for constructing a highway, road or street below established minimum standards without prior approval shall be assessed by the board only after a review of the facts involved in such case, and the holding of a public hearing on the matter. The decision thereafter rendered by the board shall be subject to the provisions of Chapter 84, article 9."
We assume from your question, that a county or municipality has filed One- and Six-Year Plans as required by Neb.Rev.Stat. §§ 39-2115 and 39-2117 (Reissue 1978), and has later constructed a project not listed within either Plan. We are of the opinion that a county or municipality may properly build a project not listed in their One- and Six-Year Plans if it is reasonable to do so because of unforeseen problems.
Neb.Rev.Stat. § 39-2101 (Reissue 1978) provides in pertinent part:
 "Both long-range planning and annual programming are essential to the orderly development of an integrated system of public roads. It is the intent of the Legislature to provide by law a structure which will enable each governmental entity to program its individual needs on a priority basis, yet to establish an intergovernmental relationship which will permit their working in cooperation with each other to attain the desired objective of an integrated system. The structure will have the flexibility necessary to recognize that annual programs cannot always be met as planned because of unforeseen problems which may arise."
(Emphasis added.)
The legislature obviously recognized that unforeseen problems can develop which will reasonably allow a county or municipality to deviate from its long-range and annual programing. It is equally obvious that a filing of an annual or long-range program by a county or municipality, with the intent to build projects not listed within such programs, would frustrate the purpose of filing such plans. If a county or municipality is free to pursue any project it wishes, whether or not that project is listed in the annual or long-range program, the filing of such program is without purpose. We are therefore of the opinion that the filing of a One- and Six-Year Plan from which a project that is to be built is intentionally omitted, is the filing of a `materially false report' as that term is used in section39-2121.
Your second question involves the penalty that attaches in the event the Board finds that a governmental entity has filed a materially false report. Section 39-2121 provides that the Board must review the facts in such case and hold a public hearing to determine whether, in fact, the governmental entity has filed a materially false report. In the event the Board determines that the governmental entity has filed a materially false report, section 39-2121 provides that its share of highway-user revenue allocated during the following calendar year shall be reduced by ten per cent and the amount of such reduction shall be distributed among other counties or municipalities.
 "As a general rule, in the construction of statutes, the word `shall' is considered as a mandatory and it is particularly so considered when the statute is addressed to public officials." State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N.W.2d 297
(1950).
Here, the language is mandatory and the Board does not have a penalty option. If the Board determines that the governmental entity has filed a materially false report, it must assess the penalty of loss of ten per cent of the governmental entity's highway-user revenue for the following calendar year.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General Approved:Paul L. Douglas
Attorney General