REQUESTED BY: The Honorable E. Benjamin Nelson Governor
You have requested our opinion concerning the interpretation of Neb. Rev. Stat. § 66-4,144(4) (Supp. 1995), which requires the State Board of Equalization and Assessment ["State Board"] to set the rate of the so-called "variable" fuel excise tax imposed under Neb. Rev. Stat. § 66-4,140 (Cum. Supp. 1994). You note that the State Board is scheduled to meet on May 2, 1996, "to set the tax rate at the level necessary to generate the funds which the Legislature legally appropriated to the Nebraska Department of Roads for FY97." You indicate that, at last year's State Board meeting to set the variable fuel excise tax rate, "the issue was raised as to whether the Board was obligated by statute to set the rate at a level to generate revenues to meet the obligations established through the appropriations process." You state that, at that time, "[t]he opinion of those in attendance was that the Board was obligated to set the rate necessary to meet appropriations." In view of the foregoing, you have asked us to address "whether the duties of the Board are discretionary or mandatory to establish the gas tax at a rate necessary to generate the funds necessary to meet the Department of Road's obligations as approved by the Legislature."
Section 66-4,140(2) provides for the imposition of what is commonly referred to as the "variable" fuel excise tax. Pursuant to Neb. Rev. Stat. § 66-4,144 (Supp. 1995), the rate of this tax is set every year for the succeeding year by the State Board within fifteen days of the end of the Legislature's regular session. "The Department of Roads, with assistance from the Department of Revenue, shall prepare and provide the necessary information" to members of the State Board to enable it to set the rate. Neb. Rev. Stat. § 66-4,144(3) (Supp. 1995). "Such information shall include, but not be limited to, the unobligated balance in the Highway Cash Fund anticipated on the subsequent June 30, monthly estimates of anticipated receipts to the Highway Cash Fund for the subsequent fiscal year, and the appropriations made from the Highway Cash Fund for the subsequent fiscal year."Id.
Subsection (4) of § 66-4,144 provides that the State Board "shall determine the cash and investment balances of the Highway Cash Fund at the beginning of each fiscal year under consideration and the estimated receipts to the Highway Cash Fund from each source which provides at least one million dollars annually to such fund." This subsection further provides that the State Board "shall then fix the rate of excise tax inan amount sufficient to meet the appropriations madefrom the Highway Cash Fund by the Legislature.
Such rate shall be set in increments of one-tenth of one percent." Id. (emphasis added).
As you note in your request letter, in an informal opinion to M. Berri Balka, State Tax Commissioner, and Allan Abbott, Director of the Department of Roads, we advised that the duties imposed under Neb. Rev. Stat. § 66-4,141 in the calculation of the quarterly adjustment to the variable motor vehicle fuel excise tax rate, were "mandatory", in light of the statutory directive that the functions outlined "shall" be performed in the manner specified. Op. Att'y Gen. No. 96-018 (April 1, 1996). In reaching this conclusion, we noted the general rule that, "[i]n the absence of anything indicating a contrary intent, statutory language is to be given its plain and ordinary meaning."Id. at 3 (citing Hickenbottom v.Hickenbottom, 239 Neb. 579, 477 N.W.2d 8 (1991)). We further recognized the "general rule" that, "in the construction of statutes, the word `shall' is considered mandatory and inconsistent with the idea of discretion." Op. Att'y Gen. No. 96-018 at 4 (quoting Moyer v. Douglas Lomason Co.,212 Neb. 680, 685, 325 N.W.2d 648 (1982)).
Applying these principles to the question presented, we conclude that, under § 66-4,144(4), the State Board has a mandatory duty to "fix the rate of excise tax in an amount sufficient to meet the appropriations made from the Highway Cash Fund by the Legislature." The plain language of the statute, providing that the State Board "shall" set the variable motor vehicle fuel excise tax rate "in an amount sufficient to meet the appropriations made from the Highway Cash Fund by the Legislature", establishes that the Legislature intended to place a mandatory duty on the Board to act in this manner. The language used by the Legislature is inconsistent with an interpretation giving the State Board any discretion to establish a tax rate which will not generate revenues "sufficient to meet the appropriations made from the Highway Cash Fund by the Legislature."
We note that while the State Board has a mandatory duty under § 66-4,144(4) to fix the rate of excise tax in an amount sufficient to meet the appropriations made from the Highway Cash Fund by the Legislature, the statute does not mandate precisely how the State Board is to determine the proper rate. The Department of Roads, with assistance from the Department of Revenue, is required to provide the State Board information to enable it to set the rate, including certain estimates. If the State Board has some basis to believe the information or estimates provided would not result in an accurate rate, the statute does not mandate that the State Board adhere to the departmental estimates.
Under the statute, the State Board has the ultimate responsibility to determine the estimated receipts and then fix the proper excise tax rate. In other words, the mandatory duty of the State Board is to set the excise tax at a level which the State Board determines will be sufficient to meet the legislative appropriation. If the excise tax rate set by the State Board results in too much or too little revenue, the rate may be adjusted pursuant to the terms of §66-4,144(5).
Very truly yours,
 DON STENBERG Attorney General
 L. Jay Bartel Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General