REQUESTED BY: Scott Moore, Nebraska Secretary of State Chairman, State Records Board
Under 1997 Neb. Laws LB 590, § 8, the State Records Board (the "Board") "may establish reasonable fees for electronic access to public records through the [electronic] gateway." Under § 9 of that same bill, "[a]ny state agency desiring to enter into an agreement to or otherwise provide electronic access to public records through a gateway for a fee shall make a written request for approval to the board." As we understand it from the materials you provided to us, the Department of Motor Vehicles (the "Department") has recently presented the Board with a request to charge fees for electronic access to certain motor vehicle title registration and lien information involving both fees for batch processing of information requests and individual interactive searches. That request from the Department has prompted you to pose two questions to us, both of which are discussed below.
1. Permissible Fees Under LB 590.
Neb. Rev. Stat. § 60-308 (Cum. Supp. 1996) deals with certain motor vehicle title records and provides, as is pertinent:
 The Department of Motor Vehicles shall keep a record of each vehicle registered, alphabetically by name of the owner, with cross reference in each instance to the registration number assigned to such vehicle. . . . .
 The department shall furnish a copy of the record of a registered or titled vehicle to any applicant after receiving from the applicant the name on the registration, the license plate number, the vehicle identification number, or the title number of a vehicle. A fee of one dollar shall be charged for the copy.
The Department has now submitted an application to the Board which proposes a total fee of $2.00 for individual motor vehicle record searches through the electronic or internet access to those records, based upon the statutory fee of $1.00 set out in § 60-308 and an additional $1.00 fee for electronic access. You are concerned that this proposal is in contravention of that portion of § 8 of LB 590 which provides that "[t]he fees [for electronic access to public records through the electronic gateway] shall not exceed the statutory fee for distribution of the public records in other forms." Accordingly, you have posed the following question to us:
 May the total fee for electronic access to information exceed the statutory fee for accessing the record in other forms where such a fee exists? Or in this particular case is the Department of Motor Vehicles limited to charging $1.00 total for the record (the fee set in statute) or may they charge $2.00 total, $1.00 for the statutory fee plus an electronic access fee of $1.00, which does not exceed the statutory fee?
In Nebraska, in the absence of anything indicating to the contrary, statutory language should be given its plain and ordinary meaning, and when the words of a statute are plain and unambiguous, no interpretation is necessary to ascertain their meaning. Van Ackeren v. Nebraska State Board of Parole,251 Neb. 477, 558 N.W.2d 48 (1997). As noted above, 1997 Neb. Laws LB 590, § 8 states, in relation to the fees which may be charged for electronic access to public records, that "[t]he fees [for electronic access to public records through the electronic gateway] shall not exceed the statutory fee for distribution of the public records in other forms." It seems to us that this language is plain and unambiguous, and must be given its plain and ordinary meaning. As a result, since § 60-308 provides for a fee of $1.00 for a hard copy of the motor vehicle title records at issue, we believe that, under § 8 of LB 590, the maximum fee for electronic access to that same information is also one dollar. The $2.00 fee proposed by the Department is, therefore, impermissible under § 8 of LB 590.
Our conclusion is amply supported by the legislative history of LB 590. The language at issue from § 8 of LB 590 was added to the original bill presented out of committee as a result of Amendment No. FA164 proposed by Senator Coordsen. At the beginning of the floor discussion on that amendment, Senator Coordsen stated:
 The committee amendment [which brings this bill to the floor] provides that the [state records] board may charge reasonable fees for electronic access to public information through the [electronic] gateway. Now I happen to believe that what it is referencing to or what we ought to be referencing in that are those cases in which there is not an access fee established, an information fee established in statute. Where there is a fee established in statute, by either definition or implied by allowing a mechanism, that that (sic) fee ought to be the same to the public without regard to the method that the member of the public receives the information, whether its hard copy, whether it's coming into an office, whether it's mailing in a request asking for something to come back, or if accessed through what is currently the Nebraska Online site, that may, in the future, be some other site, through a home or business computer and then printed off on your own . . . on your own printer in your office or home, that fee where there is a legislative determined fee ought to be the same and we ought not to raise that fee for any other . . . by any amount for different forms of access.
Floor Debate on LB 590, 95th Neb. Leg., 1st Sess. 4721 (April 21, 1997) (Statement of Senator Coordsen) (emphasis added).
Later in the discussion on the amendment, Senator Coordsen stated:
 So it's my belief that the additional [electronic access fee] requirement here is somewhat loading up on the system, and in drafting I simply do not believe that an additional fee, more than what we've ever otherwise provided for, is necessary. That any place that there is a statutory fee established by the Legislature for information or forms or pyramids, or whatever, that those fees stay the same as they are statutorily without regard to the method of providing that service.
Floor Debate on LB 590, 95th Neb. Leg., 1st Sess. 4722 (April 21, 1997) (Statement of Senator Coordsen) (emphasis added).
Finally, in his closing summary on the amendment, Senator Coordsen stated:
 It's my belief that this particular language [from the form of LB 590 submitted by committee] that I'm striking is somewhat of a holdover from the earlier idea, and from the green copy where I think it was taken out in most other cases, and that . . . where there's a statutory fee established, that would be the charge, no matter what the means of accessing that information was.
Floor Debate on LB 590, 95th Neb. Leg., 1st Sess. 4738 (April 21, 1997) (Statement of Senator Coordsen) (emphasis added). As a result, we believe that the maximum fee which may be charged for electronic access to the motor vehicle title information at issue is $1.00, in light of the pertinent portions of LB 590 and §60-308.
2. Necessity for a Public Hearing on Fee Determinations.
Your second question goes to the public hearing requirements which are set out in § 9 of LB 590 pertaining to a request for approval of a fee for electronic access to public records. You ask:
 If there is a statutory fee set for a record and an agency proposes to charge that fee for electronic access to the record does the State Records Board still have to have a hearing and make a finding that the fee is "reasonable" or is there a presumption that the fee is reasonable if it is at or less than the statutory fee?
The portion of 1997 Neb. Laws LB 590, § 9 which is pertinent to your inquiry states:
 Any state agency desiring to enter into an agreement to or otherwise provide electronic access to public records through a gateway for a fee shall make a written request for approval to the [State Records] board. . . . The board shall take action on such request in accordance with section 8 of this act and after a public hearing within thirty days after receipt.
(Emphasis added).
Two rules of statutory construction apply to your second question. First, as noted above, statutory language should ordinarily be given its plain and ordinary meaning. Van Ackerenv. Nebraska State Board of Parole, supra. Second, the word "shall" in a statute is considered mandatory and inconsistent with the idea of discretion. Moyer v. Douglas Lomanson Co., 212 Neb. 680,325 N.W.2d 648 (1982); Neb. Rev. Stat. § 49-802 (1993).
Even though we might agree with the premise implied in your question that there seems to be little need for a public hearing on a fee proposal when that fee is at or less than the fee established by statute, the language in § 9 of LB 590 pertaining to the necessity for a public hearing seems clear. Moreover, since that statute provides that the board "shall" take action on fee applications after a public hearing, and no specific disposition is made for fee applications where there is a maximum fee already set by statute, we believe that the Board should proceed with a public hearing in each instance where an agency requests the Board to set a fee for electronic access to public records.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
Approved by:
Don Stenberg
Attorney General