KEVIN MILLER, APPELLEE, V. M.F.S. YORK/STORMOR, APPELLANT.
595 N.W. 2d 878

Filed June 11, 1999.    No. S-97-1138.

Walter E. Zink II and Darla S. Ideus, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

Stephen L. Gerdes, of the Law Offices of Stephen L. Gerdes, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

This case presents the question whether the Nebraska Workers' Compensation Court has jurisdiction to determine the amount of credit to which an employer is entitled on an injured employee's present and future workers' compensation benefits and expenses when the injured employee's related third-party suit has been settled in a different forum.

## FACTUAL BACKGROUND

On August 23, 1990, Kevin Miller attempted to repair a punch press in the scope of his employment at M.F.S. York/Stormor (MFS). The Ward & Garrison Company, a dissolved Missouri corporation, had previously modified the punch press by installing certain safety guards. The safety equipment failed, and the punch press crushed Miller's right hand and arm.

Miller sued Ward & Garrison Company and its president, George Ward (collectively W&G), for personal injury in the U.S. District Court for the District of Nebraska. Because MFS had paid workers' compensation benefits to Miller, MFS joined Miller's suit against W&G as required by Neb. Rev. Stat. § 48-118 (Reissue 1993) of the Nebraska Workers' Compensation Act. W&G contested liability, but settled with Miller for $400,000 shortly before trial on February 17, 1995. As such, Miller and MFS asked the federal court to resolve the issue of MFS' subrogation claim.

Section 48-118, as it existed prior to amendments in 1994, would have mandated that the court award MFS a dollar-for-dollar recovery for workers' compensation benefits paid to Miller, whereas the amended version permits courts to make a "fair and equitable" allocation of the settlement proceeds. Although this court had not yet decided whether the 1994 amendments to § 48-118 effected procedural or substantive changes, the federal court ruled that the changes were procedural in nature. Applying the 1994 amendments retroactively to the subrogation dispute between Miller and MFS, the federal court opted to make a "fair and equitable" allocation of the settlement proceeds between the parties.

In deciding what a fair and equitable distribution would be, the federal court considered testimony and affidavits of counsel for the various parties concerning their estimations on Miller's potential verdict range and chances for a favorable verdict. The federal court calculated the midpoint of Miller's potential verdict range at $835,000 and found that Miller had a 50-percent chance of obtaining a favorable verdict on W&G's liability. Based on that calculation, the federal court concluded that the settlement value of Miller's claim against W&G was $417,000, or one-half its real value if liability was not disputed. Thus, the federal court determined that the $400,000 settlement was fair and reasonable.

Reasoning that Miller received only 50 percent of the value of his claim against W&G, the federal court found that awarding MFS 50 percent of its subrogation claim would be a "fair and equitable" allocation under § 48-118. The federal court entered a final order to that effect on July 20, 1995, and modified it in

ways not pertinent to the present dispute on October 27. The parties did not raise, and the federal court did not determine, the amount of credit to which MFS would be entitled on disability benefits and medical and other expenses that accrued after the order.

Thereafter, neither Miller, MFS, nor W&G appealed the federal court's decision. However, Miller filed a petition in the Nebraska Workers' Compensation Court on February 6, 1996, for medical expenses incurred in 1992 and other workers' compensation benefits and expenses that accrued after the final order in federal court. In so doing, Miller asked the Workers' Compensation Court to determine whether MFS is entitled to a 50-cents-on-the-dollar credit, or a dollar-for-dollar credit on Miller's current and future workers' compensation benefits and expenses.

On September 26, 1996, the workers' compensation trial judge found that he had no jurisdiction to resolve the issue presented by Miller because such jurisdiction had vested in the federal court under § 48-118. Miller then filed an application for review in the Workers' Compensation Court. The review panel found that the Workers' Compensation Court did have jurisdiction to hear Miller's claim under § 48-118 and remanded the case to the workers' compensation trial judge. MFS subsequently appealed to the Nebraska Court of Appeals. In a memorandum opinion filed June 24, 1998, the Court of Appeals affirmed the order of the review panel, and MFS petitioned this court for further review.

## ASSIGNMENTS OF ERROR

MFS argues that the Court of Appeals erred in finding that (1) the Nebraska Workers' Compensation Court has jurisdiction under § 48-118 to determine the amount of credit to which MFS is entitled on Miller's present and future workers' compensation benefits and expenses and (2) the 1994 amendments to § 48-118 effected procedural rather than substantive changes which thereby make the amended statute applicable retroactively to accidents occurring before the effective date of the amendment.

## SCOPE OF REVIEW

Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an inde-

pendent, correct conclusion irrespective of the determination made by the court below. *Allied Mut. Ins. Co. v. Action Elec. Co.*, 256 Neb. 691, 593 N.W.2d 275 (1999).

## ANALYSIS

As to both of MFS' assignments of error, the controlling statute is § 48-118. As amended in 1994, § 48-118 (Cum. Supp. 1996) reads in pertinent part:

> When a third person is liable to the employee . . . for the injury . . . the employer shall be subrogated to the right of the employee . . . against such third person . . . . Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee . . . and shall be treated as an advance payment by the employer, on account of any future installments of compensation. Nothing in the Nebraska Workers' Compensation Act shall be construed to deny the right of an injured employee . . . to bring suit against such third person in his . . . own name . . . based upon such liability, but in such event an employer having paid or paying compensation to such employee . . . shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid.

Section 48-118 further mandates that MFS and Miller

> shall have an equal voice in the claim [against W&G] and the prosecution of such suit and any dispute arising [between Miller and MFS] *shall be passed upon by the court before which the case is pending and if no action is pending then by the district court in which such action could be brought.*

(Emphasis supplied.) This language appears in § 48-118, both prior and subsequent to the 1994 amendments. Hence, there is no question that this section controls the current jurisdictional dispute.

In pointing to this language to support the notion that jurisdiction lies only in the federal court, MFS seems to urge two contradictory conclusions: either (1) the instant case is pending before the federal court or (2) the case is not pending before the

federal court but the federal court is "the district court in which such action could be brought." The first assertion lacks merit. The federal court entered a final order of dismissal on October 27, 1995, and no party appealed from that order. Therefore, the case is no longer pending before the federal court.

With no third-party action pending in this matter, either version of § 48-118 provides that "the district court in which such action could be brought" has jurisdiction to pass upon disputes between the employer and the employee. However, the parties dispute which court has jurisdiction over the present matter. Therefore, two questions must be answered to resolve the present jurisdictional issue. First, does the term "such action" as used in § 48-118 refer to the case against the third party (W&G) or to the subrogation dispute between the employer (MFS) and employee (Miller)? Second, does the term "district court" in § 48-118 include the federal court and the Workers' Compensation Court, as well as state district courts?

As for the meaning of the term "such action," the pertinent part of § 48-118 is less than clear because it uses the terms "claim," "suit," "dispute," "case," "action," and "such action" in the same sentence. However, in using the term "such action," the statute refers the reader back to the previous use of the term "action" in the same section. The previous use of the term "action" is synonymous with the term "case" in that sentence. In fact, both the reference to the term "case" and to the term "action" contemplate a cause that is "pending." That "pending" cause refers to the third-party "suit" and not a "dispute" arising between an employer and an employee. Therefore, we conclude that the plain meaning of the term "such action" as used in this part of § 48-118 is the underlying third-party action.

■ Because the term "such action" refers to third-party cases (like Miller's personal injury tort suit against W&G in the instant case), it follows that the Workers' Compensation Court lacks jurisdiction to hear the present dispute between Miller and MFS. As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. *Gibson v. Kurt Mfg.*, 255 Neb. 255, 583 N.W.2d 767 (1998). The jurisdiction of the Workers' Compensation Court is set out in

Neb. Rev. Stat. § 48-152 (Reissue 1998). Under that provision, the Workers' Compensation Court can resolve only disputes that arise from the provisions of the Nebraska Workers' Compensation Act.

The provisions of the Nebraska Workers' Compensation Act do not confer jurisdiction on the Workers' Compensation Court to hear personal injury suits against nonemployers. Miller's third-party suit against W&G was a personal injury case against a defendant who was not Miller's employer. Miller's suit against W&G did not arise under the provisions of the Nebraska Workers' Compensation Act, and the Workers' Compensation Court did not have jurisdiction to determine the amount of credit to which an employer may be entitled under these circumstances.

MFS, citing *Moyer v. Douglas & Lomason Co.*, 212 Neb. 680, 325 N.W.2d 648 (1982), argues that the federal court is the only forum with jurisdiction to determine the amount of credit to which MFS is entitled. We disagree.

Shirley TePoel, the original plaintiff in *Moyer v. Douglas & Lomason Co., supra,* was injured by a machine on the production line of her employer, Douglas & Lomason Company. TePoel sued the manufacturer of the machine in federal court. Despite its resistance, the employer was joined in the suit under § 48-118. TePoel and the machine's manufacturer agreed to a settlement during the jury trial. *Moyer v. Douglas & Lomason Co., supra.*

Although TePoel and her employer came to an agreement on the employer's subrogation interest, they did not discuss attorney fees and expenses. As such, TePoel's attorney, George Moyer, deducted those amounts from the employer's subrogation upon distribution 10 days before the federal court entered an order of dismissal. Over 3 months later, the employer demanded that Moyer compensate the employer for the full subrogation amount. Moyer refused and filed a declaratory action in the Platte County District Court. The district court held for the employer, and Moyer appealed. *Id.*

Upon hearing Moyer's appeal, this court held that the federal court had exclusive jurisdiction in the matter and reversed the decision of the district court. *Id.* In so doing, we noted that

§ 48-118 "is devoid of any relevant legislative history" that would resolve the question of which forum has jurisdiction under these circumstances. *Moyer v. Douglas & Lomason Co.*, 212 Neb. at 685, 325 N.W.2d at 651. Nevertheless, we reasoned that the federal court "was in a unique position to know the extent of participation in the recovery by both counsel" and that it would be "almost impossible" for any other court to apportion the contributions of the respective attorneys. *Id.*

The foregoing reveals three important distinctions between *Moyer v. Douglas & Lomason Co., supra*, and the instant case. First, the dispute in *Moyer v. Douglas & Lomason Co.* arose while the case was still pending in federal court, not after the case was resolved. Next, the holding in *Moyer v. Douglas & Lomason Co.* involved and was limited to the division of fees and court expenses—not the amount of credit to be awarded on future workers' compensation benefits and expenses. Finally, the federal court in *Moyer v. Douglas & Lomason Co.* was in a unique position to evaluate the contribution of each attorney that no other court could glean from merely reviewing the record. By contrast, with the stipulated facts and the relevant law in the present dispute, the federal court would be in no better position than any state district court to adjust the credit to which MFS is entitled.

Further, § 48-118 cannot specifically confer jurisdiction upon federal courts, as the existence of federal jurisdiction is a matter of federal law rather than state law. *Kramer v. Caribbean Mills*, 394 U.S. 823, 89 S. Ct. 1487, 23 L. Ed. 2d 9 (1969). Under federal law, 28 U.S.C. § 1445(c) (1988), federal courts may have jurisdiction over suits arising under state workers' compensation laws only if the suit is originally filed in federal court (as opposed to being removed there from state court) and diversity jurisdiction exists under 28 U.S.C. § 1332 (1994). See, *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961); *Prescott v. United States*, 523 F. Supp. 918 (D. Nev. 1981); *aff'd* 731 F.2d 1388 (9th Cir. 1984).

We, therefore, conclude that the term "district court" as used in § 48-118 cannot mean federal courts exclusively and that a state district court would have jurisdiction over the subject matter of this action.

Having initially determined that the Workers' Compensation Court does not have jurisdiction in the present matter, we do not consider MFS' second assignment of error. It is worth noting, however, that this court has already determined that the 1994 amendments to the subrogation clause in § 48-118 are substantive rather than procedural in nature. See *Jackson v. Branick Indus.*, 254 Neb. 950, 581 N.W.2d 53 (1998).

## CONCLUSION

Because the Workers' Compensation Court lacked jurisdiction to hear the instant cause, we reverse the judgment of the Court of Appeals and remand this matter with directions to dismiss the action in the Workers' Compensation Court.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.